**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.:

**STEPHANNIE LIPERT,**

    **Plaintiff,**

v.

**THE OFFICE GURUS, LLC, A Florida Limited Liability Company,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, STEPHANNIE LIPERT ("Ms. Lipert" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Pinellas County, Florida.

4.Plaintiff worked for Defendant in Pinellas County, Florida, and the venue, therefore, for this case is the Tampa Division of the Middle District of Florida.

5.At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; (b) was employed by Defendant for at least 12 months prior to necessitating FMLA leave; and (c) worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise his rights to FMLA leave.

## FACTS

7.Ms. Lipert worked as a Customer Service Agent for Defendant from April 17, 2017, until her termination on May 9, 2018.

8.Ms. Lipert suffers from a medical issue, during which, at all times relevant, she sought recurring and continuing medical treatment, thereby qualifying her medical issues as a serious health condition under the FMLA.

9.On May 2, 2018, Plaintiff notified Defendant's management that she was being immediately hospitalized due to an emergency medical condition.

10.Plaintiff was under continuing medical care from May 2, 2018, until May 8, 2018, at which time she was released from the hospital and returned home to recover.

11.This ongoing medical treatment and hospitalization, and Plaintiff's notification of same to Defendant's management, triggered the protections of the FMLA.

12. This ongoing medical treatment and hospitalization should have been FMLA covered.

13. During Plaintiff's ongoing medical treatment and hospitalization, Plaintiff's husband notified Defendant's management of her anticipated time away from work.

14. Defendant failed to provide Plaintiff with any FMLA leave paperwork or forms to complete to protect her time away from work.

15. Plaintiff's doctor released her to return to work on May 9, 2018, and Plaintiff returned to work on that date with a note from her doctor explaining her absence and the duration of same.

16. Upon her return to work on May 9, 2018, Defendant terminated Plaintiff's employment.

17. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

18. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for utilizing what should have been proper and authorized FMLA leave.

19. Because Defendant acted with intent to interfere with, and otherwise retaliate against Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

20. The timing of Plaintiff's use of what should have been protected FMLA and Defendant's termination of her, alone demonstrates a causal connection between her FMLA leave and these illegal actions taken by Defendant against her.

21. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for use of FMLA protected leave.

22.     Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

23.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18, 20, and 22, above.

24.     At all times relevant hereto, Plaintiff was protected by the FMLA.

25.     At all times relevant hereto, Defendant interfered with Plaintiff based upon Plaintiff's exercise of her FMLA rights.

26.     At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

27.     As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28.     As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

29.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

30. At all times relevant hereto, Defendant retaliated against Plaintiff based upon Plaintiff's exercise of her FMLA rights.

31. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

32. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

33. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA and objecting to Defendant's misconduct regarding same, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Dated this 15th day of May 2019.

Respectfully Submitted,

**s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No: 0085476
Richard D. Guadagnolo, Esq.
Florida Bar No.109104
RICHARD CELLER LEGAL, P.A.

        10368 W. SR. 84, Suite 103,
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
rich@floridaovertimelawyer.com
noah@floridaovertimelawyer.com

Attorney for Plaintiff